UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ALFRED SVITZER,

       Plaintiff,

-against-

THE CITY OF WHITE PLAINS,
MICHAEL LAROSA,
ELIZABETH SEIT,
JOHN DOES 1-5,
fictitious names, true names unknown, parties
intended being City of White Plains Police
Officers who accompanied Michael LaRosa
and Elizabeth Seit on June 13, 2005,
all in their individual and official capacities,

       Defendants.
------------------------------------------------------x

Civil Action No.: _____

**COMPLAINT**

**Jury Trial Demanded**

**06 CIV. 2825**

**BRIEANT**

Plaintiff, by and through his attorney, Brian G. Cesaratto, P.C., as and for his complaint against Defendants the City of White Plains, Michael LaRosa, Elizabeth Seit, John Does 1-5, and each of them, alleges as follows:

### NATURE OF ACTION

1. This is an action for deprivations, committed by Defendants under color of New York State law, of Plaintiff's rights, privileges and immunities as guaranteed him by reason of the First, Fourth and Fourteenth Amendments to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983.

2. Plaintiff also brings this action for false arrest, malicious prosecution, battery and conversion under New York State Common Law.

## JURISDICTION AND VENUE

3. The Court's Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3). Plaintiff's claims under New York State law are interposed in accordance with 28 U.S.C. §1367.

4. All of the events and/or omissions that give rise to the claims herein occurred in the Southern District of New York, therefore Venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff Alfred Svitzer, is a citizen of the United States, domiciliary of the State of New York, and resident of Kings County.

6. The City of White Plains is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant Michael LaRosa (hereinafter "LaRosa"), is a police officer employed by the City of White Plains Police Department, and sued herein in his official and individual capacities.

8. Defendant Elizabeth Seit (hereinafter "Seit"), is a police lieutenant and/or police commander employed by the City of White Plains Police Department, and sued herein in her official and individual capacities.

9. Seit supervised LaRosa on June 13, 2005.

10. John Does 1-5 are police officers employed by the City of White Plains Police Department, who accompanied LaRosa and Seit on June 13, 2005, and sued herein in their official and individual capacities.

11. Seit supervised John Does 1-5 on June 13, 2005.

## THE FACTS

12. On June 13, 2005, at approximately 2:19 a.m., Plaintiff was approached by LaRosa, Seit and John Does 1-5 in or around a CVS pharmacy located at 325 Mamaroneck Avenue in the City of White Plains.

13. Plaintiff was asked by Defendants what was inside a "gunny sack" that he was wearing around his waist.

14. Plaintiff informed Defendants that he was carrying his handgun and that he had a permit to carry the handgun.

15. Plaintiff raised his hands above his head.

16. Plaintiff was in possession of a loaded Sig Sauer handgun Model P220 serial number G182509 that was seized by Defendants from the "gunny sack."

17. Plaintiff provided to Defendants at or about the time of the seizure of his handgun his original New York City handgun permit, a true copy of which is attached hereto as Exhibit A.

18. Said permit is an unrestricted handgun permit for Plaintiff to lawfully carry concealed on his person the aforementioned Sig Sauer handgun in the State of New York including Westchester County.

19. Title 38 of the Rules of the City of New York provided at all relevant times, "Carry Business License. This is an unrestricted class of license which permits the carrying of a handgun concealed on the person."

20. Title 38 of the Rules of the City of New York was readily available to Defendants prior to arresting Plaintiff and at all times following his arrest.

21. The Pistol License Information Booklet of the New York City Police Department provides, "Carry Business. This is an unrestricted handgun license which permits the carrying of a handgun concealed on the person."

22. After providing to Defendants his original handgun permit, Plaintiff was taken into custody without his consent.

23. Plaintiff was in possession of certain photographs at or about the time of his arrest, which were seized by Defendants from inside Plaintiff's automobile. Defendants also seized certain photographs from the CVS pharmacy at or about the time of Plaintiff's arrest.

24. Said photographs were taken by Plaintiff and were photographs of a female person who accompanied Plaintiff at the time of his arrest.

25. Plaintiff is black and said female person is white.

26. Plaintiff's taking and possession of said photographs and his association with the afore-mentioned female person were constitutionally protected.

27. Plaintiff was handcuffed, placed handcuffed in the rear of a marked police car and taken to the City of White Plains Police Department.

28. Plaintiff was arrested by LaRosa, Seit and John Does 1-5 on June 13, 2005 at a time subsequent to Plaintiff providing to the Defendants his original New York City handgun permit.

29. LaRosa arrested Plaintiff without probable cause and without reasonable grounds to believe Plaintiff had committed an offense and LaRosa knew he had no probable cause to arrest Plaintiff.

30. Seit arrested Plaintiff without probable cause and without reasonable grounds to believe Plaintiff had committed an offense and Seit knew she had no probable cause to arrest Plaintiff.

31. John Does 1-5 arrested Plaintiff without probable cause and without reasonable grounds to believe Plaintiff had committed an offense and John Does 1-5 knew they had no probable cause to arrest Plaintiff.

32. There was no warrant for the arrest of Plaintiff.

33. Plaintiff was conscious of the arrest, did not consent to the arrest, and the arrest was not otherwise privileged. Plaintiff's arrest was without just right, probable cause or grounds therefore.

34. Plaintiff was shackled to a wall at the City of White Plains Police Department for approximately at least 5 hours.

35. Plaintiff was imprisoned in a jail cell.

36. Said photographs were distributed around the City of White Plains Police Department for display following their seizure by LaRossa, Seit and John Does 1-5, resulting in numerous comments and gestures.

37. While Plaintiff was at the police station, Seit referred to the photographs as being obscene and/or twisted.

38. While Plaintiff was at the police station, Seit stated that if the female accompanying Plaintiff had been a minor Plaintiff would have been charged with endangering the welfare of a minor.

39. While Plaintiff was at the police station, Defendants discussed whether Plaintiff and the female accompanying him were related by blood.

5

40. Plaintiff was charged on June 13, 2005 with Criminal Possession Of A Weapon In The Third Degree (Penal Law §265.02), a class "D" felony. LaRosa signed the felony complaint later filed in the City Court for the City of White Plains, a true copy of which is attached hereto as Exhibit B.

41. Said felony charge was in violation of New York State Penal Law §265.20(a)(3) and Article 400.

42. LaRosa, Seit and John Does 1-5 knew that said felony charge was in violation of New York State Penal Law §265.20(3) and Article 400 at the time Plaintiff was charged.

43. Following his arrest, Defendants did commence the criminal proceeding against Plaintiff without probable cause, motivated by actual malice.

44. Defendants arrested Plaintiff and commenced the criminal proceeding against him, motivated in whole or part by the lawful content of pictures with which he was associated and/or possessed.

45. Defendants arrested Plaintiff and commenced the criminal proceeding against him, motivated in whole or part by his lawful association with the female who was accompanying him at the time of his arrest.

46. Defendants arrested Plaintiff and commenced the criminal proceeding against him, motivated in whole or part by his race.

47. Plaintiff was required to post bail following arraignment to gain his release from custody.

48. Plaintiff was forced to make numerous court appearances in connection with the criminal charges levied against him.

49. Plaintiff paid attorney fees in order to defend himself against the criminal charges.

50. On August 4, 2005, all charges against Plaintiff were dismissed in his favor because he had a lawful carry permit. A true copy of the transcript from August 4, 2005 is attached hereto as Exhibit C.

51. Certain photographs seized by the Defendants were never returned by Defendants following dismissal of the criminal charges against Plaintiff and following Plaintiff's request that they be returned.

52. At all times material to this complaint, Defendants acted under color of state law, and the practices, customs, policies, and ordinances, of the City of White Plains and the City of White Plains Police Department.

53. Seit is a policy maker of the City of White Plains Police Department.

54. As a proximate result of Defendants' intentional, reckless, and/or callous conduct, Plaintiff has been deprived of the rights secured to him under the First, Fourth and Fourteenth Amendments to the United States Constitution, and caused loss of liberty, conscious pain and suffering, humiliation, emotional upset and anxiety, embarrassment and financial injury.

55. Plaintiff served on the City of White Plains a notice of claim, at least 30 days have elapsed since the notice of claim was served, and adjustment or payment thereof has been neglected or refused.

## COUNT I (False Arrest – 42 U.S.C. §1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" of this Complaint as if fully set forth at length herein.

57. Defendants, and each of them, violated Plaintiff's rights guaranteed him by reason of the Fourth and Fourteenth Amendments to the United States Constitution made actionable pursuant to 42 U.S.C. §1983 by falsely arresting him.

### COUNT II (Malicious Prosecution - 42 U.S.C. §1983)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" of this Complaint as if fully set forth at length herein.

59. Defendants, and each of them, violated Plaintiff's rights guaranteed him by reason of the Fourth and Fourteenth Amendments to the United States Constitution made actionable pursuant to 42 U.S.C. §1983 by maliciously prosecuting him.

### COUNT III (First Amendment Retaliation – 42 U.S.C. §1983)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" of this Complaint as if fully set forth at length herein.

61. Defendants, and each of them, violated Plaintiff's rights guaranteed him by reason of the First and Fourteenth Amendments to the United States Constitution made actionable pursuant to 42 U.S.C. §1983 by arresting and prosecuting him based on the exercise of his free speech and free association.

### COUNT IV (Equal Protection – 42 U.S.C. §1983)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" of this Complaint as if fully set forth at length herein.

63. Defendants, and each of them, violated Plaintiff's rights guaranteed him by reason of the Fourteenth Amendments to the United States Constitution made actionable pursuant to 42 U.S.C. §1983 by denying him equal protection of the laws.

## COUNT V (Battery)

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" of this Complaint as if fully set forth at length herein.

65. Defendants, and each of them, did commit a battery upon Plaintiff, thereby causing Plaintiff injuries.

## COUNT VI (False Arrest)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" of this Complaint as if fully set forth at length herein.

67. Defendants, and each of them, did wrongfully and falsely arrest, imprison and detain Plaintiff without any right or grounds therefore.

## COUNT VII (Malicious Prosecution)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" of this Complaint as if fully set forth at length herein.

69. Defendants, and each of them, did maliciously prosecute Plaintiff.

## COUNT VIII (Conversion)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" of this Complaint as if fully set forth at length herein.

70. Defendants, and each of them, converted said photographs.

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, MICHAEL LAROSA, ELIZABETH SEIT, JOHN DOES 1-5 and THE CITY OF WHITE PLAINS, jointly and severally as follows:

1. On all counts, compensatory damages in favor of Plaintiff, and against Defendants in an amount to be determined by the jury;

2. On all counts, punitive damages against Defendants LaRosa, Seit and John Does 1-5 in an amount to be determined by the jury;

3. Plaintiffs' costs of this action, including reasonable attorneys' fees under 28 U.S.C. §1983 to the fullest extent permitted by law; and

4. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury of for all claims stated herein.

Dated: White Plains, New York
April 11, 2006

Brian G. Cesaratto, P.C.

By: *Brian G. Cesaratto*
Brian G. Cesaratto
(BC 5464)

Attorney for Plaintiff
One North Broadway
Suite 412
White Plains, New York 10601
(914) 422-6800